### ORRIN PERKINS *v.* HORACE DANA AND ELIHU HYDE.

Where certain territory had been, for the space of thirty years, understood to be part of the jail limits of a county, and had been acquiesced in as such, by all concerned during that time, it was held, that it must be treated as in fact part of the jail limits, and that a prisoner's going thereon would be no breach of his bond,—as decided in *Downer et al.* v *Dana et al. ante.*, page 338.

A new trial will not be granted on petition of the plaintiff, in an action upon a jail bond, unless he failed in his former trial through some fraud of the defendant.

Perkins *v.* Dana et al.

In this case, which was an action upon a jail bond, the plaintiff, on trial, gave evidence to prove ten distinct breaches of the bond, all committed in open day light, and in the most public manner ; but he failed, upon this evidence, to obtain a verdict ; and the supreme court refused to grant him a new trial, upon a petition setting forth, that, since the former trial, he had discovered evidence of two other breaches, committed in similar manner.

DEBT upon a jail bond. Plea, *non est factum,* with notice of special matter of defence, and trial by jury, December Term, 1845,— ROYCE, J., presiding.

On trial a question arose as to the true limits of the liberties of the jail in Orange county,—the facts being the same as reported in the case of *Downer et al.* v. *Dana et al., ante,* page 338, where the same question arose. The county court gave the jury the same instructions, in substance, as in that case.

Verdict for defendants. Exceptions by plaintiff.

After the suit had been entered in the supreme court, the plaintiff preferred to that court, a petition for a new trial, setting forth that the jail bond in suit was the property of one Solomon Downer, that this action was commenced by Downer, for his own benefit, in the name of this plaintiff, and that, since the trial in the county court, Downer had discovered new and material evidence. The substance of this evidence is sufficiently detailed in the opinion of the court.

A hearing was had upon the petition for a new trial at the same time with the trial of the case upon the exceptions.

*Poland* and *Smalley* for plaintiff,

.———'for defendants.

The opinion of the court was delivered by

REDFIELD, J. The question raised in the present case, upon the exceptions, was virtually decided by this court, upon the present circuit, in the county of Windsor.* It was there held, that, if jail limits *de facto* existed for such a length of time, as is shown in the

---

*Downer et al.* v. *Dana et al.,* ante, page 338.

present case, it did raise an irrefragable presumption, against all the world, that they existed *de jure*.   Any other construction would do violence to reason and to justice.   The bond is taken with reference to the *existing jail limits*.   The jail limits are a *matter of fact*, a *definite object*, as much as a farm, or a stream of water.   When once set out by the proper authority, they have a legal existence, *as set out*, as much as any judgment of this, or any other court; and the validity of the one, or the other, does not, in any sense, depend upon the perfect wisdom, or strict legal correctness, in every point, of the decision, but upon the fact, that it is the decision of the proper tribunal.                               Judgment affirmed.

The petition for a new trial certainly presents a somewhat singular case.   Upon the trial in the county court the plaintiff gave evidence tending to prove ten distinct breaches of the bond between the 12th of April, 1839, and the 2d of April, 1843, all, except one of them, committed in *open day light*, and in the most *public manner*.   He now asks for a new trial, that he may introduce testimony tending to establish *two other breaches* of the bond.   This newly discovered evidence is not technically *cumulative*.   But in a matter like this, addressed to our discretion, we naturally ask ourselves, how the plaintiff can expect to succeed with testimony of *twelve such breaches*, when it is obvious, that he failed in convincing the jury of the truth of *any one* of *the ten*, mainly in consequence of the *multiplicity of evidence*, which he adduced to so many separate and distinct breaches.   In a matter of this kind, which, if done at all, would be likely to be done covertly, the very *excess* of testimony induces a suspicion of its *genuineness;* so that the newly discovered evidence *lessens*, instead of increasing, the probability of the plaintiff's being able to convince a jury of its not being in some manner *mistaken*, or *misapplied*.   If *genuine coin*, of a particular description, is known to be *scarce*, or if a particular person is not supposed to have the means of possessing much money, the finding, in the one case, a large quantity of the specified coin, and the finding, in the other, much money in the possession of the particular person, does induce a suspicion of its *genuineness*.

In the present case, I think that the very fact, that the plaintiff was able to give evidence of *ten distinct breaches*, and nine of them

in *so open and notorious a manner*, could not but raise some apprehension, that there *must* be some mistake in the matter, somewhere. This apprehension is not at all *diminished* by the newly discovered evidence.

We think, also, that for another reason the new trial in the present case should be denied. Because the court should never grant a new trial, *in favor of the plaintiff, in a suit upon a jail bond*, unless he failed in his former trial through some fraud of the defendant,—which is not here pretended. This class of actions certainly operates with great severity upon bail, and ought not to be favored. There are few states, where a momentary departure from the limits of the jail yard implicates the bail in an absolute liability for the *whole debt*. And if it were now of any importance, I think such a law would not long remain in this state. We think, at all events, that a plaintiff could very seldom be entitled to a new trial in a case upon jail bond.

Petition dismissed, with costs.