## JOHN J. HAYS v. JAMES G. CLOSON.

UNDERTAKING; FORCIBLE DETAINER; *Terms of Bond; Liability of Sureties.*
Where an undertaking is executed in proceedings in error pending in the district court, to stay execution of the judgment of a justice of the peace, and thereafter the judgment is affirmed, and an action is brought upon the undertaking, the law will not increase or enlarge the terms of the undertaking to the prejudice of its signers, nor create a liability against the sureties, which they did not intend to incur, and which is not within the express conditions of the bond.

*Error from Osborne District Court.*

ACTION by *Closon,* against *Hays* and two others, on an undertaking given to stay waste, etc. Plaintiff had judgment, at April Term 1877 of the district court, and *Hays* brings the case here.

*A. Saxey,* for plaintiff in error.

The opinion of the court was delivered by

HORTON, C. J.: The defendant in error, (plaintiff in the court below,) on April 5th 1875, recovered in an action then pending before a justice of the peace of Osborne county, a judgment against one James F. Manning for the restitution of certain real estate forcibly detained by said Manning, and for the sum of $25.33 back rent, and $5.65 costs. On April 8th Manning filed his petition in error in the district court of that county to obtain a reversal of the judgment. To stay execution during the pendency of the proceedings in error, he filed in said court a written undertaking in the penal sum of $150, executed to Closon by one William Manning, and John J. Hays, the plaintiff in error, conditioned—

"That the said James F. Manning shall not commit or suffer to be committed any waste thereon, and if the said judgment shall be affirmed, he will pay the use and occupation of the real estate from the date of the undertaking until the said James F. Manning shall deliver the possession thereof to the said James G. Closon pursuant to the judgment, and pay all costs."

On 28th April 1875, the proceedings in error were decided adverse to James F. Manning, and the case was certified back to the justice of the peace with orders to enforce the judgment. About ten days thereafter said Manning was evicted from the premises. On the 27th of June 1876, defendant in error brought an action in the district court against William Manning, and the plaintiff in error, on the written undertaking signed by them to stay the execution as above mentioned. James F. Manning was also made a defendant in

9—20 KAS.

the case.   No service was made on either of the Mannings, and no appearance was made by them.   The case proceeded against Hays alone; and upon an agreed statement of facts, a jury being waived, the court rendered judgment against Hays for $25.33, (the rent due previous to the execution of said undertaking,) for $3.20 for rent subsequent to its date, and for $1.50 for waste committed, making a total of $30.03, besides the costs.

The court below erroneously included in the judgment said sum of $25.33, being the back rent prior to the execution of the undertaking, as such undertaking did not provide for the payment of the rent for which judgment was originally rendered by the justice, and was, by its conditions, expressly limited to the payment of waste committed on the premises and the use and occupation of the same *from* the date thereof, together with the costs.   The makers of the bond never agreed to pay any rents which were due at the execution of the written instrument signed by them, and the district court had no power to increase or enlarge the terms of such instrument to their prejudice.   The law will not create a liability against sureties which they did not intend to bring on themselves, and which is not within the express conditions of the bond.

The objection made to the judgment that it was erroneously given in the absence of service on the principal, is not valid. The undertaking was joint and several, and a suit might have been brought and prosecuted against any one of those liable thereon. *Jenks v. School District,* 18 Kas. 356.

The case will be remanded with instructions to the district court to enter judgment upon the agreed statement of facts for the defendant in error for $4.70, instead of $30.03, and all costs.   The costs in this court will be taxed to the defendant in error, as the plaintiff objected only to said item of $25.33 in the court below.

All the Justices concurring.