The opinion of the court was delivered by
Horton, C. J.:
This action was brought originally before a justice of the peace, in Edwards county, by the plaintiffs in error against the defendants in error, to recover the sum of $250. Judgment was rendered before the justice of the peace in favor of the plaintiffs, and thereupon the defendants appealed to the district court. In that court a general demurrer was filed, alleging that the bill of particulars or petition did not state facts sufficient to constitute a canse of action. The court sustained the demurrer, and rendered judgment against plaintiffs for costs. The plaintiffs bring the case here.
The bill of particulars or petition alleged that in an action pending before a justice of the peace of Edwards county, in which plaintiffs herein were plaintiffs and one Nellie R. *346 Hollenback was defendant, that there was attached in said action as the property of said Nellie R. Plollenback .the sum of $125 in money; that afterward Thomas Calnon was, upon the motion of his attorneys, Nelson Adams and J. C. Ellis, allowed to interplead and have a trial as to the rights of the property so attached; that upon the trial the justice was satisfied that the money attached belonged to the defendant Nellie R. Hollenback, and rendered judgment in favor of plaintiffs, against the said Nellie R. Hollenback, in thesum of $158, and for the costs therein, taxed at $16.20, and adjudged that the attachment be sustained and the money levied thereunder be disposed of in satisfaction of said judgment and costs; that the defendants J. C. Ellis and Nelson Adams, acting as attorneys for Thomas Calnon, filed with the justice of the peace an appeal bond, with the defendants as sureties thereon; that the bond was duly approved by the justice, and the appeal allowed by him, and the transcript certified and filed in the district court of Edwards county; that afterward, while the case was pending in the district court, upon the application of Thomas Calnon, by his attorneys Ellis and Adams, the judge of the district court of the ninth judicial district, by writ of mandamus, commanded that the property so attached, to wit, $125 in money, be paid over to said Tilomas Calnon or his attorneys, pending such appeal; that the money under said order was paid over to J. C. Ellis and Nelson Adams; that afterward, upon the motion of Thomas Calnon, the appeal in the district court was dismissed, and all the papers relating thereto stricken from the files of the court; that both Nellie R. Hollenback and Thomas Calnon, were each of them, at the time of the commencement of the action- before the justice, and have ever since been, non-residents of Edwards county, and were then and have ever since been wholly insolvent, and were without any property of any sort subject to-levy; that an execution was issued by the justice of the peace against Nellie R. Hollenback, and returned by the officer indorsed “No property;” that the plaintiffs have been damaged by the said de- • *347 fendants, by reason of the appeal bond, in the sum of $250. It does not appear from the petition, or the transcript of the justice, in the case of Edwards Brothers v. Nellie R. Hollenback, that, upon the trial' had at the instance of Calnon as to the right of the property attached, any judgment for costs was rendered against the claimant. The judgment against Nellie R. Hollenback was for $158, and the costs taxed at $16.20. The justice also adjudged that the order of attachment against Nellie R. Hollenback was properly issued; that the property attached was her property; and that it be disposed of according to law.
It is immaterial in the consideration of this case, whether the claimant proceeded before the justice under the provisions of ch. 164, Laws of 1872, or ch. 137, Laws of 1877; and it is immaterial whether an appeal would lie in the case or not. In any view, neither Calnon nor his attorneys were entitled to the possession of the property taken upon the attachment, by virtue of the appeal bond filed before the justice. We may assume that the possession of this money was denied to Cal-non and his attorneys by the justice, notwithstanding the appeal. As the case now appears to us, such decision was right.
It is alleged, however, that Calnon obtained from the judge of the district court a peremptory writ of mandamus, commanding the money to be paid over to him, or his attorneys. What the character of that proceeding was, and against what parties the peremptory writ was allowed, we are not fully advised. If it was against the plaintiffs in error, they should have excepted to the order and decision requiring the money to be paid over to Calnon, and then brought the case to this court for review. Such claimant was not entitled, by virtue of his appeal, or the filing óf his appeal bond, to the possession of the property attached pending the appeal. The „sureties in signing the bond of the claimant could not have anticipated that the money taken on attachment would be turned over to the claimant pending the appeal. If the writ of mandamus was awarded against the justice or the constable, and plaintiffs in error were not parties to the action, then they *348 have a different remedy from proceeding against the sureties upon the appeal bond. As no judgment was rendered against Cal non before the justice of the peace for costs, and as it does not appear that any judgment was rendered against him in the district court for costs, his sureties are not liable for the value of the property attached, or for any costs or damages to plaintiffs under the terms of the bond. It is well settled, that the law will not increase or enlarge the terms of an undertaking to the prejudice of its signers, or create a liability against the sureties which they did not intend to incur, and which is not within the express conditions of the undertaking. (Hays v. Closon, 20 Kas. 120.) It seems gross injustice, under the allegations of the petition, that Calnon or his attorneys should retain the money taken on attachment; but we do not perceive that the sureties on the undertaking upon appeal can be made liable for such money by the terms thereof. The complications in the case seem to have arisen from the erroneous order of the district judge, pending the appeal, that the money taken on attachment be paid over to claimant or his attorneys. Of that order, however, at this time, upon the proceedings before us in the action, we have no control.
The judgment of the district court sustaining the demurrer to the petition must be affirmed.
All the Justices concurring.