HEDDERICK, appellant, *v.* PONTET ET AL., respondents.

REPLEVIN — *Redelivery bonds* — *Common law bond* — *Revised Statutes Montana, page 69, section 163.* — Although a bond signed by defendants in replevin as principals and two other persons as sureties for a delivery of the property replevied is not in compliance with Revised Statutes Montana, page 69, section 163, which requires an "undertaking signed by two or more sufficient sureties," the statute not requiring the principals to sign the undertaking, yet it is a good common law bond, and not being prohibited by statute nor against public policy, an action may be maintained thereon upon failure of the defendant in replevin to comply with the terms of the judgment in the replevin suit.

SAME — *Pleading* — *Assignment of bond to plaintiff.* — It is not necessary to allege in the complaint the assignment of such a bond by the officer in whose favor it is made, to the plaintiff.

SAME — *Filing bond with clerk.* — The failure to file a redelivery bond with the clerk of court does not defeat the right to recover thereon.

*Appeal from Fourth District, Dawson County.*

ACTION on a redelivery bond. On demurrer.

Strevelle & Garlock, for the appellant. . . .

John Trumbull, for the respondents.

Galbraith, J. This is an appeal from a judgment rendered in consequence of a demurrer sustained to the complaint. The complaint alleges the following facts: The respondent had formerly commenced his action in claim and delivery against Taylor and Hall for certain personal property. Taylor was the sheriff of Dawson county, and therefore the summons was placed for service in the hands of the coroner, who served the same on the defendants Taylor and Hall, and took the property into his possession. Before the time had matured for the delivery thereof to the plaintiff, Taylor and Hall demanded a redelivery of the property to themselves. For this purpose they executed the following bond:

"Territory of Montana, County of Dawson, ss.— In
District Court.

" *George W. Hedderick, Plff.*, v. *James Taylor and Ira
Hall, Defts.*

" Know all men by these presents that we, Pontet & Gallagher as principals, and W. S. Hurst, William Lowe and John Lee as sureties, are held and firmly bound unto Andrew R. Duncan, coroner of Dawson county, in the sum of twenty-five hundred dollars ($2,500), for the payment of which we firmly bind ourselves, our heirs, executors and assigns. The conditions of this obligation are such that if the bounden Pontet & Gallagher shall return to the above-named plaintiff the property described in the affidavit of said plaintiff or the value thereof, if a return be adjudged, and pay all costs that may be awarded against them in the said action, then shall this obligation be null and void; otherwise in full force and effect.

"In witness whereof we have hereunto set our hands and seals this 24th day of April, A. D. 1884.

| [Signed] | "PONTET & GALLAGHER. | [Seal.] |
| | "W. S. HURST. | [Seal.] |
| | "WM. LOWE. | [Seal.] |
| | "JOHN LEE." | [Seal.] |

The affidavit of justification of sureties required by law was appended to this bond.

Upon the delivery of this bond, the property was delivered to Taylor and Hall by the coroner. Subsequently the action was changed from Dawson county to the county of Custer for trial, and after a trial a verdict was returned in the district court of the latter county for the plaintiff Hedderick. Judgment was rendered upon this verdict for a return of the property described in the foregoing bond, or, in case a delivery thereof could not be had, for the value thereof as found by the jury, with interest and costs of suit. An execution was then issued upon this judgment, which was returned wholly unsatisfied. None of the property was ever returned, nor the judgment paid, nor any part thereof.

The demurrer was only upon the ground "that said complaint does not state facts sufficient to constitute a cause of action." The respondent contends that the court properly sustained this demurrer, for the following reason: "That it is not the character of obligation required by the statute, and therefore it is not binding upon the obligors."

Our statute entitled "Claim and Delivery of Personal Property" is as follows: "At any time before the delivery of the property to the plaintiff, the defendant may, if he do not except to the sureties of the plaintiff, require the return thereof, upon giving to the sheriff a written undertaking, executed by two or more sufficient sureties, to the effect that they are bound in double the value of the property, as stated in the affidavit of the plaintiff, for the delivery thereof to the plaintiff, if such delivery be adjudged, and for the payment to him of such sum as may for any cause be recovered against the defendant." R. S. p. 69, § 163.

This section provides that the undertaking is to be executed only by the sureties. The words "they are bound" evidently refers to the sureties, and it is intended that they are bound for the delivery of the property to the plaintiff when the condition occurs. The undertaking is not required to be signed by the defendant when he seeks the return of the property. In *Pierse* v. *Miles*, 5 Mont. 549, even where the statute required "a written undertaking on the part of the plaintiff, with two or more sufficient sureties," this court held that the undertaking need not be signed by the plaintiff; that an undertaking on the part of the plaintiff means an undertaking for him, or on his behalf; and it is not necessary to the validity of such an undertaking that it be signed by the plaintiff."

There is a much stronger reason for holding, as we do in this case, that the defendant need not sign the undertaking, for the statute provides that the "defendant may . . . require the return thereof, upon giving to the sheriff a written undertaking, executed by two or more sufficient sureties." This language only requires that the sureties execute the undertaking. But this obligation is not that the sureties shall deliver up the property to the plaintiff, or, in the words of the statute, "that they are bound for the delivery thereof to the plaintiff;" but that Pontet & Gallagher, who signed the obligation as principals, "shall return to the above-named plaintiff the property." The obligation manifestly does not comply with the provisions of the above section in this respect. It differs from the undertaking required by the statute, in that it is a bond signed by persons as principals who are not parties to the proceedings, and providing that such principals, and not the sureties, are bound for the delivery of the property to the plaintiff, if the condition occurs.

But, notwithstanding that this is not the undertaking which the law requires, the question arises, can the plaintiff nevertheless recover on this obligation in this action? Bonds or obligations of this character are of the same general

nature, subject to the same legal rules and incidents, as what are termed official bonds; "and in like manner bonds which by law are required to be executed under certain circumstances in the course of judicial proceedings, such as indemnity, delivery, replevin, and appeal bonds, all fall within the general description of official bonds; in short, all bonds are official bonds which are prescribed by statute, or of which either the obligor or obligee is a public officer, and the subject-matter of the condition is either the discharge of public duties or proceedings of a judicial character in a court of law or equity." Murfree, Off. Bonds, § 36.

The legal rules and incidents relating to official bonds are applicable to the obligation in question, which is what is generally called a delivery bond. Such a bond, when it does not violate a statute or contravene public policy, although it may be invalid as a statutory bond or undertaking, may, nevertheless, be good as a common law obligation.

"The bond of an officer so far falling short of the requirements of the statute as to be invalid as an official bond may yet be obligatory as a common law bond, unless prohibited by statute or against public policy." Murfree, Off. Bonds, § 67.

"The chief distinction, therefore, between a statutory bond, strictly so called, and a common law bond, is that the obligee or beneficiary of the former is entitled to all the special remedies and processes which are granted by statute law; whereas the common law or voluntary bond stands upon the footing of an ordinary contract embodied in a bond upon condition between man and man. . . . The general rule controlling the subject is, it may be remarked, that bonds intended to be official and statutory, but too defective to fulfill all the requirements of the statute, and to be entitled to the privileges appertaining to strictly official bonds, are good as common law bonds, unless they contain provisions contrary to those which are prescribed in the statute or in violation of other rules of law, common or statutory, or of public policy."

Thus a bond, although it does not altogether comply with the statute, cannot be said to violate or to be contrary thereto, or to contravene public policy. Can the respondent recover upon the bond in question as a common law bond, and is it good as embodying an ordinary contract upon condition between the obligee and the respondent? The instrument is in form not an undertaking, but a bond, in which Pontet & Gallagher are principals, and the remaining signers sureties. It contains a recital of the court in which the action for the recovery of the property referred to in the bond was brought, and the affidavit required by law to be filed in such a case, in which the property was described. There can be no doubt as to what property or to what judgment the bond refers. These facts are also set forth in the complaint, and are, of course, admitted by the demurrer.

The bond is therefore that Pontet & Gallagher shall perform the conditions named therein. It was upon a legal and sufficient consideration. The complaint alleges the fact that, upon the delivery of the bond to the coroner, he returned the property to the defendants. This was an inconvenience, loss or detriment to the respondent, and was a legal and sufficient consideration. The obligors therefore undertook, for a legal consideration, that Pontet & Gallagher should perform the condition named therein. The complaint alleges the failure so to do. Therefore, although the obligation in question did not strictly conform to the statute, yet we think it was binding upon the obligors.

But it is claimed that the respondent has not a right of action, for the reason that the complaint does not allege an assignment to him from the coroner. We think that this question is settled in the case of *Lomme* v. *Sweeney*, 1 Mont. 584, which was affirmed by the supreme court of the United States (22 Wall. 208), where it was held that the sheriff to whom, in an action of claim and delivery, an undertaking had been executed and delivered as required by the above provision for the return of the property, was a trustee of such property for the plaintiff, and he could bring the action

upon it in his own name without an assignment.    See, also, *Parrott* v. *Scott*, 6 Mont. 340.

The failure to file the bond with the clerk of the court, as required by section 169 of the above chapter, will not in any way affect the right of the respondent to recover.    He cannot, by failure to comply with this provision, defeat his right of action.    The complaint states facts sufficient to constitute a cause of action, and the court erred in sustaining the demurrer.

The judgment is reversed, and the cause remanded for a new trial.

WADE, C. J., and McLEARY, J., concur.