Henrie v. Buck.

James N. Henrie *et al.* v. H. B. Buck.

1. FORCIBLE ENTRY AND DETAINER — *Appeal Bond* — *Sureties not Liable for Prior Use of Premises.* In an appeal from the judgment of a justice of the peace, rendered in an action for forcible entry and detention, the undertaking given by the appellant was found to be insufficient by the district court, and the appeal was ordered to be dismissed unless another undertaking was at once filed. A new undertaking was given as required, which was prospective in form, and contained no language which related back or indicated an intention to extend the liability of the obligors for the use of the premises back of the time when the undertaking was executed. *Held,* In an action on

the undertaking, that the sureties thereto are not liable for the use and occupation of the premises prior to the time when the undertaking was given, and that testimony concerning the same is inadmissible.

2. SURETIES — *Liability, Not to be Extended by Implication.* The liability of the sureties to such an undertaking cannot be extended by implication, but they have the right to stand on the exact letter of their contract; and where the condition of the undertaking is that "if upon a further trial of the case judgment shall be rendered against the defendant, he shall pay double the value of the use and occupation of said property, pursuant to the judgment," and the judgment subsequently rendered against the appellant in the forcible-entry-and-detention action did not and could not provide for and determine the liability for the use and occupation of the property, no such liability exists, or can be enforced against the sureties.

3. VERDICT, *Assessing Full Amount of Recovery.* In an action against the sureties upon such an undertaking, wherein they admit the execution of the same, but deny any liability thereunder, the jury trying the case should return a general verdict, assessing the full amount of recovery to which the plaintiff is entitled.

*Error from Republic District Court.*

ACTION by *Buck* against *Henrie* and another, to recover on an undertaking given upon an appeal from a judgment rendered by a justice of the peace. Judgment for plaintiff, at the October term, 1886. The defendants bring the case to this court. The opinion contains a sufficient statement of the facts.

*Sheafor & Botsford,* and *W. T. Dillon,* for plaintiffs in error.

*L. J. Crans,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action on an undertaking given upon an appeal from a judgment of a justice of the peace, rendered in an action for forcible entry and detention. The following is a copy of the undertaking:

"Whereas, the defendant Collin Schrock intends to and has appealed from a judgment rendered against him in favor of the plaintiff H. B. Buck, on the 21st day of May, 1885, by said John Richardson, justice of the peace of said township

and county : Now we, the undersigned, residents of said county, bind ourselves to the said plaintiff, H. B. Buck, in the sum of eight hundred dollars, that said defendant will prosecute this appeal to effect and without unnecessary delay, and shall not commit or suffer waste to be committed on the premises in controversy ; and if, upon a further trial of the case, judgment shall be rendered against him, he shall pay double the value of the use and occupation of said property pursuant to the judgment, and all damages and costs that may be awarded against him.     JAMES N. HENRIE.
WILLIAM K. DIXON."

The appeal was pending in the district court on February 4, 1886, when the plaintiff therein moved to dismiss the same for the reason that there was no undertaking on appeal such as is required by law, and the court made an alternative order allowing the motion, unless a good and sufficient appeal bond was given on or before six o'clock that evening, and if that was done the motion was to be overruled. In pursuance of that order, the undertaking on which this action was brought was given. The appeal was tried on February 6, 1886, and resulted again in favor of Buck, and on March 12, 1886, the possession of the property was restored to him, but the costs were not paid, and no property of appellant was found out of which to make the costs, and on March 13, 1886, the present action was brought. The parties who executed the undertaking were not parties to the action in which it was given, and were not liable for waste, rents, or costs, except as they were made so by the undertaking which they signed. At the trial of this action, the court submitted to the jury as the only questions for their determination :

"*First:* What was the value of the rental of the premises mentioned in the plaintiff's petition from the 27th day of May, 1885, to the 12th day of March, 1886 ?

"*Second:* Was there any waste committed or suffered to be committed by the defendants Collin Schrock, Abram Myers, or A. T. Logue upon the premises referred to in the first question, within the dates specified in that question ?"

The answer to the first question was, $200; and to the second, that no waste was committed. The court refused to instruct

·or allow the return of a general verdict, but entered judgment upon the special findings against the sureties on the undertaking for the sum of $581.80, which amount was made up by ·doubling the value of the use and occupation of the premises -as found by the jury, and adding thereto $181.80 found by the court to be due as costs in the action in which the undertaking was given.

Several grounds for the reversal of the judgment are insisted upon, one of which is that the court erred in holding ·that the plaintiffs in error were liable for the use and occupation of the premises which were in dispute in the action for forcible entry and detention, for the reason that the contingency written in the obligation on which they were to become liable had not transpired, and that at least no liability could arise thereon for the rental of the premises prior to the time when the undertaking was executed. The condition of the undertaking is prospective in form, and nothing in the language employed relates back or indicates that it was the intention to extend the liability of the obligors so as to cover all the time from the taking of the appeal, or during the time that the insufficient undertaking was on file. Neither is there anything in the order of the court permitting the undertaking to be filed which refers to a former undertaking, or which conveys the idea that a retrospective liability was intended. In no event can the sureties be held liable for the use and occupation of the premises prior to the time when the undertaking was executed; and ·therefore the reception of testimony in regard to the rental value of the premises for any period exceeding the execution of the undertaking was erroneous. But were the plaintiffs in error liable to any extent, under the terms of the undertaking, for the use and occupation of the premises? In this respect the condition of the obligation is, that "If upon a further trial of the case judgment shall be rendered against him, he shall pay double the value of the use and occupation of said property pursuant to the judgment." When the judgment was rendered no provision was made for the use and occupa-

1. Appeal bond; sureties; limit of liability.

tion of the property, and indeed, under the law no such allowance could be made in the judgment rendered in that action. In this respect the undertaking does not conform to the statute under which it was given. The condition there prescribed is that—

"If upon the further trial of the case judgment be rendered against him, he will pay double the value of the use and occupation of the property from the date of the undertaking until the delivery of the property pursuant to the judgment." (Comp. Laws of 1879, ch. 81, § 132a.)

The obligors upon the bond are mere sureties, and they have a right to insist upon the express terms of the undertaking. It is a recognized rule of the law that the liability of sureties to a statutory undertaking cannot be extended by implication, nor enlarged beyond the express terms of their contract. (*Hays v. Closon*, 20 Kas. 120.)

It is possible that the person who prepared the undertaking mistakenly omitted the words, "from the date of the undertaking until the delivery of the property;" but the contract of the obligors is expressed in that undertaking, and the possibility that the scrivener may have omitted a clause which changed the sense of the undertaking cannot extend their liability beyond the necessary import of the words used to express the same. The full scope of their liability in respect to the use and occupation of the premises, upon a reasonable interpretation of the language used in the contract, is that if judgment is rendered against the appellant, he will pay double the value of the use and occupation of such property as that judgment may provide. No such provision was

2. Liability according to exact letter of undertaking.

or could be made in the judgment, and as the obligors have a right to stand upon the exact letter of the undertaking, no liability in this respect exists against them. (*The State v. Medary*, 17 Ohio, 565; *Lang v. Pike*, 27 Ohio St. 498; *Gill v. Sullivan*, 62 Iowa, 529.) The jury found that no waste was committed or suffered to be committed on the premises, and hence the only liability of the obligors was the costs awarded against the appellant.

Another matter only needs attention, and that is the refusal of the court to permit a return of a general verdict by the jury. We see no reason to except this case from the statutory rule which provides that in any case which may be and is tried by a jury, a general verdict shall be rendered. (Civil Code, §§ 267, 286.)

It is an original action for the recovery of money, and the right and extent of recovery are fixed by the terms of the written contract. It was the right and duty of the court to submit special questions upon request of the parties, but it could not properly dispense with the general verdict. It devolved upon the jury to find what damages, if any, were suffered by reason of waste, the double value of the use and occupation of the premises, if any such liability existed upon the undertaking, and the costs which were unpaid. The code provides that "When by the verdict either party is entitled to recover money from the adverse party, the jury in their verdict must assess the amount of the recovery." (Civil Code, § 288.) The court therefore invaded the province of the jury when it doubled the amount returned by the jury and found for itself the amount of the unpaid costs, and when it refused to permit a return of the full amount of the liability on the undertaking sued on.

3. General verdict, not dispensed with.

The judgment of the district court will be reversed, and the cause remanded.

All the Justices concurring.