FRANKLIN GUESS *et al.* v. WILLIAM W. LETSON.

No. 561.    (57 Pac. 1053.)

SUPERSEDEAS BOND — *Penalty — Construction of Conditions.* Sureties upon a bond cannot be held beyond the strict letter of their undertaking, and all ambiguities and uncertainties should be construed in their favor. A bond filed without an order of court, for the purpose of procuring a stay of execution upon a judgment rendered in an action for the recovery of real estate and for damages, which states "that the above named are firmly bound in the sum of $400, and the rental value of the land in controversy," is a bond in the penal sum of $400. The words "the rental value of the land in controversy" have no place in the penalty of the bond; such bond is not, strictly speaking, a statutory bond, but is good as a common-law bond to the extent of the liability of the sureties. The statute provides for bonds with a money penalty only.

Error from Brown district court; R. M. EMERY, judge.   Opinion filed July 18, 1899.   Reversed.

*W. F. Guthrie*, for plaintiffs in error.

*H. M. Jackson*, and *James Falloon*, for defendant in error.

The opinion of the court was delivered by

McELROY, J.: This action was brought by William W. Letson against Franklin Guess, J. J. Figley, Thomas Stanley, James D. Stanley, and H. W. Johnson, for the recovery from the defendants as obligors on a bond the value of the use of certain lands from June 10, 1890, to August 27, 1894.   A trial was had, which resulted in Letson recovering a judgment for the value of the use of the lands, as found by the jury, in the sum of $405.15.   There was a motion for new trial filed and overruled, and this proceeding is brought to reverse the judgment of the trial court.

The principal facts out of which this controversy arose are as follows: Letson, Briggs, and Linn, on June 10, 1890, in an action then pending against Franklin Guess and others, recovered judgment, as follows: "That the plaintiff recover possession of said land above described from the said defendants, and also recover of and from the said defendants the sum of $180, their damages sustained by the wrongful withholding of the possession thereof, and all costs of suit herein, taxed at the sum of $——, for the recovery of which land, and the recovery of the damages so sustained, and costs of suit, let execution issue." The trial court made an order fixing the amount and conditions of a bond to stay execution upon the judgment for 120 days, in order to permit the preparation

·of a record for review, but made no order fixing the terms of a supersedeas bond. Guess prosecuted proceedings by petition in error in the supreme court to reverse the judgment, which was dismissed without a hearing upon the merits. He caused to be executed and approved by the clerk of the district court and filed on the 8th day of September, 1890, his bond, with Figley, Stanley, Johnson and Stanley as sureties, in form as follows :

"BOND FOR STAY OF EXECUTION.

"KNOW ALL MEN BY THESE PRESENTS, That we, Franklin Guess, as principal, and J. J. Figley, T. W. Stanley, H. W. Johnson, as sureties, our heirs and executors, are firmly bound unto the above-named L. M. Briggs, W. W. Letson and H. C. Linn in the sum of four hundred ($400) dollars, and the rental value of the land in controversy, hereinafter described, and any waste that may be committed on said land through the fault of said Franklin Guess during the continuance of this bond, to the payment of which, well and truly to be made, we bind ourselves, our heirs and executors with this condition : Whereas, the said L. M. Briggs, W. W. Letson and H. C. Linn did on the 10th day of June, 1890, as plaintiffs in the above-entitled action, obtain judgment against the said Franklin Guess, J. J. Figley, Thomas Stanley and Thomas Smith as defendants in the above-entitled action in the sum of one hundred and eighty ($180) dollars, and the possession of the northeast quarter of the northeast quarter of section six (6), town five (5), range seventeen (17), in Atchison county, Kansas, in the above-entitled action in the above-entitled court, and whereas the said Franklin Guess intends to appeal from said judgment to the supreme court of the state of Kansas ; now, if the said Franklin Guess fails to maintain his said appeal and pays the said judgment and performs the conditions thereof, and commits no waste on the said real estate, or if the said Franklin Guess maintains his appeal, then in

either of said cases this bond is to be null and void, otherwise of full force and effect.''

The defendant in error Letson succeeded to the rights of his coplaintiffs below, Briggs and Linn, and on the 10th day of August, 1894, received possession of the land described in the judgment.   The sureties on the bond paid the money judgment and costs in the sum of $324.68, all of which, except eighty cents, was paid prior to the commencement of this suit.   It is very difficult to determine what the parties to this bond intended.   This bond, as all similar bonds, consists of two parts, the penalty and the condition.   The penalty expresses the limit of liability, and the condition states the circumstances under which a recovery may be had to the extent of the liability.   The words ''rental value of the land in controversy hereinafter described,'' should be construed as a condition of the bond, to be enforced within the limits of the penalty of $400.

Sureties are favorites of the law ; ambiguities and uncertainties should be resolved in their favor ; they cannot be held beyond the strict letter of their undertaking. (*Henrie v. Buck*, 39 Kan. 381, 18 Pac. 228 ; *Freeman v. Hill*, 45 id. 435, 25 Pac. 870 ; *McCarthy v. Holden*, 54 id. 313, 38 Pac. 261.)   It is apparent that the intention of the sureties was to obligate themselves to the extent of. $400, and it is doubtful if they intended to obligate themselves beyond this.   The words '' the rental value of the land in controversy '' have no place in the penalty of the bond.   The statute provides only for bonds with a money penalty.   The bond says :  ''To the payment of which, well and truly to be made, we bind ourselves, our heirs and executors with this condition.''

This instrument as a whole, construed with refer-

ence to the statutes, the rights of sureties, and the language in which the parties bind themselves, "to the payment of which, well and truly to be made, we bind ourselves," must be read as a bond with a penalty of $400, conditioned to pay and perform the conditions of the judgment, commit no waste and pay the rental value of the premises in controversy if the judgment be affirmed. The sureties had paid $324.68 of the penalty, and judgment should have been rendered against them only for the difference between that sum and the penalty of the bond, to wit, the sum of $75.32.

While the bond in question is not in all respects a statutory bond, as a supersedeas to stay execution upon the judgment as an entirety, it was sufficient to stay execution upon the money judgment. It is therefore supported by a valuable consideration. The bond is good as a common-law bond to the extent of the liability of the parties named. No judgment could be entered against the sureties on the bond, upon the pleadings, admissions, and evidence, in excess of the amount of the penalty less the payment made by them. The judgment was excessive.

The judgment will be reversed, and remanded for further proceedings not inconsistent with the views herein expressed.