THE CENTRAL NATIONAL BANK OF TOPEKA, KANSAS, *et al.*, v. HENRY BRECHEISEN.

No. 12,808.   (70 Pac. 895.)

SYLLABUS BY THE COURT.

1. REPLEVIN—*Action on Bond—Estoppel.* A bank was plaintiff in a replevin action. No summons was issued until the day following that on which it obtained possession of the property under the writ. It then dismissed the action without prejudice. *Held*, that, when sued on the replevin bond, the bank and its sureties were estopped from asserting that there was no action pending at the time the property was taken.

2. CHATTEL MORTGAGE—*Immaterial Variance.* An immaterial variance between a copy of a chattel mortgage filed with the register of deeds and the original will not destroy the mortgage lien.

3. ——— *Priority of Agister's Lien.* A lien created by contract

between the mortgagor of live stock and an agister will not prevail over a prior chattel mortgage. To give such priority, the lien given by section 3931, General Statutes of 1901, must exist.

Error from Osage district court; WILLIAM THOMSON, judge.   Opinion filed December 6, 1902.   Reversed.

*Pleasant & Pleasant*, for plaintiffs in error.

*J. H. Stavely*, for defendant in error.

The opinion of the court was delivered by

SMITH, J.: This was an action brought by Henry Brecheisen as plaintiff in the court below against the plaintiffs in error to recover on a replevin bond.   The facts out of which the controversy arose may be briefly stated.   The Central National Bank held a chattel mortgage on cattle and hogs.   One R. B. Vail was the mortgagor.   On April 3, 1899, the bank filed its petition, based upon its right to possession under its mortgage, and an affidavit in replevin, to recover twenty head of steers and fifty hogs, alleged to be in Brecheisen's possession, and also filed a replevin bond in the action in the usual form.   A replevin writ was issued and served on that day and the live stock delivered to the bank.   The summons in the action was not issued until the day following that on which the writ of replevin was issued and served.   On June 6, thereafter, the defendant in the replevin action (defendant in error here) moved the court to set aside the order of delivery of the property to the bank, and to declare the proceedings thereunder null and void, and to award to him a writ of possession of the property, because the replevin writ was prematurely issued, before the action was commenced.   This motion was sustained.   Thereafter, and on the 14th day of November, 1899, the bank, as plaintiff in that action, dismissed

its suit without prejudice.   The defendant, Brecheisen, declined to have his rights of property determined in the action.

The defendant in error resisted the action of the bank for the possession of the stock on the ground that he was entitled to an agister's lien thereon by virtue of having furnished feed to Vail, the mortgagor. After the dismissal of the replevin action by the bank, the present action was brought by Brecheisen to recover from the principal and sureties on the replevin bond the amount of his agister's lien on the cattle and hogs.   He had judgment in the court below.

The first point made by the bank as defendant below was that there could be no recovery on the replevin undertaking because the bond sued on was not given in any action, there being no suit pending at the time the replevin bond was filed, the summons in the action not having been issued until the day following the seizure of the property under the replevin writ.   There is no merit in this contention.   After the bank had obtained possession of the property by virtue of proceedings instituted by it in replevin, neither the principal on the bond nor its sureties could show when sued thereon that no suit was pending when the bond was executed because no summons issued in the replevin action.   They are estopped from making such defense.   (Shinn, Repl. § 821 ; *Sammons and others v. Newman and others*, 27 Ind. 508.)

An issue was made in the case whether a true copy of the bank's chattel mortgage on the live stock had been deposited with the register of deeds of Osage county, in compliance with section 4244, General Statutes of 1901.   The original mortgage described the location of the property as follows : "Said cattle to be kept and fed on the Brecheisen farm, viz., south-

east quarter of section 34, township 16, range 16, in Valley Brook township, Osage county, Kansas." The copy offered in evidence by defendant below described the location of the stock thus : "Said cattle to be kept and fed on the Brecheisen farm, viz., southeast quarter of section 34, township 11, range 11, in Valley Brook township, Osage county, Kansas." The only discrepancy worthy of consideration is that which gave the township and range as number 11 in the copy, when the original designated them as number 16. There is no range or township numbered 11 in Osage county. The court below rejected the copy and excluded it as evidence. We think the court erred in this ruling. Without the township and range, the remainder of the description was sufficient to identify the location of the mortgaged property.

In *Ely v. Carnley*, 19 N. Y. 496, the original mortgage was for $546.19, and the copy stated the amount of indebtedness secured by it to be $646.19. It was held bad because creditors of the mortgagor might be misled concerning the true amount secured by the mortgage. In such case third persons might be prejudiced.

The use of the words "true copy" in the statute relative to the recording of chattel mortgages does not require that a literal and *verbatim* copy of the instrument must be filed, but a copy substantially true, so that the creditors of the mortgagor or subsequent purchasers in good faith may not be misled, to their detriment. We regard the substitution of the figures 11 for 16 in the copy in question here as a mere clerical error which, however it occurred, ought not to destroy the lien of the mortgage. The changed figures in the copy did not relate to a material matter.

(*Gillespie v. Brown & Ryan Bros.*, 16 Neb. 457, 20 N. W. 632.)

The jury, in answer to a particular question of fact, found that the agister's lien of the plaintiff below was created by a contract between him and Vail, the mortgagor. There was some testimony in the case, however, which tended to show a statutory lien. It was held in *Case, Adm'r, v. Allen*, 21 Kan. 217, 30 Am. Rep. 425, that the lien given by section 3931, General Statutes of 1901, had priority over an existing chattel mortgage on the stock fed by an agister. The court was careful, however, to confine this superior right of the agister to a lien derived from a compliance with the terms of the statute, and not to one dependent on contract between the mortgagor and the person caring for and feeding the stock. See *Corning v. Ashley*, 51 Hun, 483, 4 N. Y. Supp. 255.

The denial of the right of plaintiffs in error to introduce their mortgage in evidence deprived them of any defense against the lien of the plaintiff below, whether it was created by contract or existed by virtue of the statute. The mortgage being admitted, the plaintiff below must recover, if at all, on the rights given him by law.

The judgment of the court below will be reversed and a new trial ordered.

All the Justices concurring.