LAWSON COOK, *Appellee*, v. JOSEPH ANDRIANO, *Appellant.*

No. 17,093.

SYLLABUS BY THE COURT.

1. APPEAL—*Probate Court—Bond Sufficient to Give Jurisdiction Although Not in Statutory Form.* In an appeal from the decision of a probate court as to the right of contesting claimants to purchase a tract of school land, if an appeal bond be given which is not in the prescribed statutory form but is sufficient to give the district court jurisdiction the appeal should not be dismissed on motion therefor.

2. ——— *Proper Bond—Failure to Comply with Order Ground for Dismissal.* In such case, the proper remedy is to require the appellant to give a proper bond, and upon his failure to comply with such order his appeal may be dismissed.

Appeal from Cheyenne district court. Opinion filed May 6, 1911. Reversed.

*J. L. Finley,* and *W. S. Langmade,* for the appellant.

*E. E. Kite,* and *Fred Robertson,* for the appellee.

The opinion of the court was delivered by

SMITH, J.: The parties to this action were contestants before the probate court of Cheyenne county for the right to purchase a tract of school land. From the decision of the probate court the defendant appealed to the district court, and the appeal in the district court was dismissed on motion of the plaintiff.

The only question here involved is the sufficiency of the appeal bond, the body of which reads as follows:

"Now, we, the undersigned, residents of said county and state, bind ourselves to said appellee, Lawson Cook, in the sum of three hundred dollars, and further to the payment of all damages and costs that may be adjudged against him, the said appellant, Joseph Andriano. And we further bind ourselves that the 'said appellant, Joseph Andriano, will prosecute his appeal to effect, and without unnecessary delay, and satisfy such damages, judgment and costs as may be rendered against him therein."

The only error assigned is the ruling of the court on the motion to dismiss on the ground of the insufficiency of this bond, and this assignment of error is fairly made in the abstract. There is no merit in the application of the plaintiff to dismiss the case for want of an assignment of errors.

Section 7651 of the General Statutes of 1909 (Laws 1909, ch. 218, § 6) prescribes the requisites of an appeal bond in an action of this nature. It provides for the filing of a bond "conditioned that he will prosecute the appeal and pay all damages and costs that may be adjudged against him."

It appears that the court dismissed the appeal in this case on the authority of *Guess v. Letson*, 9 Kan. App. 106, in which it was held that the recital of the amount limits the liability upon the bond, which was the only issue therein. The language of the bond in this case is quite different from that of the bond in the Letson case.

We are inclined to think that the bond in this case is

sufficient. It does not technically conform to the requirement of the statute, however. In any event the bond is sufficient to give the district court jurisdiction of the case and to protect against the costs of the appeal. If the bond was objectionable, the proper remedy in the district court was to require an additional bond conditioned according to the statute and not to dismiss the case. If the defendant fails to comply with such order his appeal may be dismissed.

The abstract in this case is much more extended than is necessary to present the question at issue. The cost of the abstract will be taxed to the defendant.

The judgment is reversed and the case is remanded.