No. 26,059.

THE GENERAL SECURITIES COMPANY, *Appellee*, v. W. P. HINDES, GEORGE C. CHRISTOPHER and CLARK V. JOHNSTON, *Appellants*.

### SYLLABUS BY THE COURT.

1. REPLEVIN—*Bond—Statutory Conditions—Validity.* A bond given in a replevin action, which is not conditioned as required by statute, is not void for that reason; it may be enforced as a common-law bond in accordance with its terms.

2. SAME—*Bond—Statutory Conditions—Liability of Sureties.* In an action in replevin the sheriff took possession of the property under an order of delivery, properly issued. The defendant gave a bond conditioned only for the return of the property, or its value, in the event its return should be adjudged. It did not provide for the payment of damages and costs as required by statute. (R. S. 60-1007.) In form it was conditioned as a delivery bond in attachment. (R. S. 60-912.) The sureties did not know the nature of the action, whether replevin or attachment; they read and understood the bond signed and did not intend to bind themselves by conditions not named therein. Plaintiff recovered judgment for the return of the property and for damages and costs. The property was returned. In an action against the sureties on the bond for the damages and costs awarded in the replevin action it is held plaintiff cannot recover.

Appeal from Sedgwick district court, division No. 1; THOMAS E. ELCOCK, judge. Opinion filed July 11, 1925. Reversed.

*C. A. Matson* and *I. H. Stearns,* both of Wichita, for the appellants.

*Charles G. Yankey, W. E. Holmes, D. W. Eaton, John L. Gleason, J. A. Brubacher, W. D. Jochems* and *J. W. Sargent,* all of Wichita, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action against the sureties on the bond hereinafter set out. It was tried to the court, judgment was rendered for plaintiff, and defendants have appealed.

In May, 1920, the General Securities Company brought an action in replevin against Clark V. Johnston for a certain automobile in which plaintiff claimed a special interest by virtue of a chattel mortgage. An affidavit in replevin and a replevin bond were filed and an order of delivery was issued by the clerk of the court and delivered to the sheriff, and the sheriff took possession of the auto-

1. Replevin, 34 Cyc. p. 1443. 2. Bonds, 9 C. J. § 41.

mobile. Within twenty-four hours Johnston presented to the sheriff the following bond:

"DELIVERY BOND.

*"In the District Court of Sedgwick County, State of Kansas, Eighteenth Judicial District, Sedgwick County.—The General Securities Company vs. Clark V. Johnston, ss.*

"Know all men by these presents, That we, Clark V. Johnston and W. P. Hindes, are held and firmly bound unto The General Securities Company, plaintiff, in the penal sum of five thousand dollars, to the payment of which, well and truly to be made, we do hereby jointly and severally bind ourselves, our heirs, executors, administrators and assignees.

"Witness our hands, this 12th day of May, A. D. 1920.

"The condition of the above obligation is such that, whereas an order of delivery has issued out of the district court of Sedgwick county against Clark v. Johnston at the suit of The General Securities Company, bearing date the 12th day of May, A. D. 1920, and directed and delivered to the sheriff of Sedgwick county; and whereas, the said sheriff hath seized upon and taken the following property, to wit:

"One Apperson eight-cylinder Anniversary Tourister model, motor #19248. valued at $2,500.00, and upon the signing of this obligation has been permitted to remain in the hands of said Clark V. Johnston.

"Now, therefore, if said property above described, or its appraised value in money, shall be forthcoming to answer the judgment of said court in said cause, at the time and place appointed by said officers according to law, then this obligation to be void; otherwise to remain in full force and virtue in law.

CLARK V. JOHNSTON,<br>W. P. HINDES,<br>GEO. C. CHRISTOPHER."

The sureties severally qualified upon the bond, it was approved by the sheriff and filed with the clerk of the court, and the automobile was returned to the defendant Johnston. Thereafter that action came on for trial. The plaintiff recovered judgment against Johnston for the possession of the automobile, or in lieu thereof the sum of $500, which was found to be the value of the car, and also judgment for plaintiff for damages for the wrongful detention of the automobile in the sum of $1,862.50, and that the judgment for damages should bear interest at the rate of ten per cent per annum, and also judgment for the costs in the replevin action taxed at $27.70. The automobile was returned to plaintiff in response to this judgment.

This action is upon the bond above set out for the amount of the damages and costs awarded plaintiff by the judgment against Johnston in the replevin action.

It will be noted that the bond above set out is not conditioned as required by the statute (R. S. 60-1007) for a redelivery bond in replevin, in that there is omitted from the bond the condition that the obligors "will pay all costs and damages that may ·be awarded" against defendant. In form the bond is a forthcoming bond or delivery bond in attachment,. provided for by section 60-912.

The petition in this case set forth two causes of action. The first, in effect, was to reform the bond so as to include the condition that the obligors "will pay all damages and costs" adjudged against the defendant, upon allegations that this had been omitted from the bond by mutual mistake. The second cause of action declared upon the bond as though the conditions relied upon were written in it. Issues were joined by answer and reply. At the beginning of the trial the plaintiff withdrew its cause of action for the reformation of the bond, and its counsel stated: "We are relying simply upon the bond as being a redelivery bond in replevin and as being subject to all the obligation of such a bond." At the close of plaintiff's evidence defendants interposed a demurrer, which was sustained. Plaintiff then moved the court for leave to withdraw its withdrawal of that portion of its petition relating to the reformation of the bond and to reinstate the cause of action for reformation, and for leave to introduce additional testimony. This motion was sustained. Evidence was then offered by both sides as to the circumstances under which the bond sued upon was executed. This shows, in substance, that the form of the bond to be executed was furnished by the sheriff; that the sureties on the bond clearly understood they were signing a bond only for the delivery of the property; that they read the bond, knew its terms, and would not have signed a bond conditioned for the payment of damages and costs in addition to being conditioned for the return of the property, and that they were not advised and did not know the nature of the action, whether replevin or attachment, and further disclosed that the bond, before it was accepted and approved, was examined by counsel for plaintiff, specifically with reference to the qualification of sureties, and that plaintiff's counsel at that time made no objection to the form of the bond and consented that the same might be approved by the sheriff. At the close of all the evidence the case was taken under advisement and briefs furnished, and it was later decided. At the time of rendering the decision, and in explanation thereof, the court made the following statement:

General Securities Co. v. Hindes.

"For the purpose of clearing the record and explaining in a measure the sundry rulings of the court made throughout the trial of the case and reconciling the same with the judgment now rendered, the court will say that it has come to the conclusion that the law is and ought to be that one who signs a statutory bond in a statutory action should be held and is held to the terms and conditions prescribed by the statute, whether the same appear in the bond or not, and that this bond, while in form it is a forthcoming bond in attachment having been given in a replevin action, all the conditions that should have appeared in a proper redelivery bond in a replevin action should be read into the bond. In response to a request on the part of the defendants Christopher and Hindes, the court will state that in the court's opinion this action does not proceed on any equitable theory of reformation, but is rather a liability imposed by the law, and no findings are made in this case as to the existence or nonexistence of any mutual mistake of the parties in the execution of the bond."

A similar statement was embodied in the court's conclusions of law.

Are the liabilities of sureties, upon bonds given in a replevin action for the possession or retention of the property pending the action, determined by the conditions of the bond given, or by the statute which provides the terms of the bond which must be given to entitle the party to such possession? This is the single question presented by this appeal.

Appellee urges the rule, which was applied by the trial court, stated in 9 C. J. 34, as follows:

"The law at the time of the execution of a bond is a part of it; if it gives to the bond a certain legal effect it is as much a part of the bond as if in terms incorporated therein. Where a bond is given under the authority of a statute in force when it is executed, in the absence of anything appearing to show a different intention it will be presumed that the intention of the parties was to execute such a bond as the law required, and such statute constitutes a part of the bond as if incorporated in it, and the bond must be construed in connection with the statute and the construction given to the statute by the courts. Such a bond must be given the effect which in reason must have been intended by the statute. Whatever is included in the bond, and is not required by the law, must be read out of it, and whatever is not expressed, and ought to have been incorporated, must be read as if inserted into it. Although the terms of the bond may bear a broader construction, the liability of the parties will be confined to the measure of liability as contemplated by the law requiring the bond; but it will not be assumed that the legislative enactment was intended to import to an instrument an effect different from that intended by the parties."

This rule has been applied to bonds required by statute of public officers (*Estate of Ramsey v. The People*, 197 Ill. 572; *United States*

*Fidelity & Guaranty Co. v. Union Trust & Savings Co.*, 142 Ala. 532; *Higdon et al. v. Fields*, 6 Ala. App. 281) ; to bonds required by statute of contractors on public work (*Gill v. Paysee*, 226 Pac. 302 [Nev.]) ; to bonds required by statute of depositories of public money (*Western Cas. & Guar. Ins. Co. v. Com'rs Muskogee Co.*, 60 Okla. 140; *Board of County Comm'rs v. Security Bank*, 75 Minn. 174; *Davis v. West Louisiana Bank*, 155 La. 245) ; to bonds given for special statutory proceedings (*Chambers v. Cline*, 60 W. Va. 588) ; and to formal defects or inaccuracies which do not increase the liability of the sureties (*Executors v. Schenck et. al.*, 41 La. Ann. 456; *Shannon v. Dodge*, 18 Colo. 164). Some states have a statute specifically governing the matter (*Duke v. National Surety Co.*, 130 Wash. 276) ; but we have no such statute in this state. We have not been cited to a case, and independent research has disclosed none, in which the rule was applied to the conditions of a replevin bond in such a way as to increase the liability of the sureties.

The rules gathered from the authorities pertaining to delivery bonds in replevin actions may be thus stated: The plaintiff is not entitled as a matter of right to have the order of delivery issued and to have the sheriff take possession of the property and deliver it to him, to be held pending the action, unless he gives a replevin bond in the form and conditioned and with sureties as required by the statute. The sheriff has no authority to take the property from the defendant and deliver it to plaintiff, to be held by him pending the action, unless such a bond has been given by plaintiff, and if he does take the property when such bond has not been given he may become liable to the defendant. When a replevin bond has been given by plaintiff and the sheriff has taken possession of the property, the defendant is not entitled as a matter of right to have the property redelivered to him and to retain it pending the action unless he gives a redelivery bond in the form and conditioned and with sureties as required by the statute, and if the sheriff delivers the property to defendant when such a bond has not been given he may become liable to the plaintiff.

If the bond given by plaintiff as a replevin bond, or the bond given by the defendant as a redelivery bond, is not in accordance with the statute, the adverse party may move to have the property restored to him, if it has been delivered to the other party, or move for a proper bond, in which event the court may require a new bond or an additional bond, as the circumstances justify, or he may waive

the defects of the bond given, and he does waive them by pleading to the issues and going to trial as though the bond given were in all respects in conformity to the statute. As to the sureties, they are liable on the bond as given. The rule of *strictissimi juris* applies to them, especially if they are noncompensated sureties, as they are in this case. Their liability will not be enlarged by implication, and especially is this true when they knew the conditions under which they are bound by the bond signed by them, and intended to be bound by those conditions only. Their intention to be bound only upon the conditions named in the bond is often given weight.

When the bond given is not in the form and conditioned and with sureties as required by statute, the obligors cannot plead its invalidity for that reason. Though not a statutory bond, it is a common-law bond and will be enforced as such in accordance with its terms.

An early case, *Morse v. Hodsdon et al.*, 5 Mass. 314, decided in 1809, which announced, in the main, the principles above stated, has been repeatedly followed by the courts, and is universally approved and applied by the text writers. (See, also, Cobbey on Replevin, 2d ed., §§ 673, 677, 678, 686, 695, 697, 1282, 1287, 1357; Wells on Replevin, 2d ed., §§ 404, 405, 410, 413; Shinn on Replevin, § 836; 24 A. & E. Enc. of L., 2d ed., 533, 544; 18 Enc. P. & P. 628-636; 34 Cyc. 1449, 1461; 23 R. C. L. 894, 895, 900, 901; 9 C. J. 32, 33; *Persse v. Watrous*, 30 Conn. 139; *Mitchell v. Ingram*, 38 Ala. 395; *Jones v. Hays*, 27 Tex. 1; *Hedderick v. Pontet*, 6 Mont. 345; *Goodell v. Bates*, 14 R. I. 65; *Henoch et al. v. Chaney*, 61 Mo. 129; *Nunn v. Goodlett*, 10 Ark. 89; *Claggett v. Richards*, 45 N. H. 360; *Hicklin v. Nebraska City National Bank*, 8 Neb. 463; *Terry v. Johnson, etc.*, 109 Ky. 589; *Abrahams v. Jones*, 20 Ill. App. 83; *Branch v. Branch*, 6 Fla. 314; *Tuck v. Moses*, 54 Me. 115.)

A situation identical with this arose in *Hotz v. Bollman Bros. Co.*, 47 Ill. App. 378, on a replevin bond. The bond was conditioned for the return of the property, but did not contain the condition required by statute for the payment of costs and damages. After obtaining possession of the property the plaintiff dismissed his action. When sued upon the bond the obligors interposed a demurrer and contended, among other things, that the bond was void for the reason it was not conditioned as the statute required. The trial court sustained the demurrer. In reversing the case the court held the bond good as to the conditions named therein, as a common-law bond,

and since that condition had not been complied with by the return of the property, the demurrer should be overruled.

Applying these principles to the bond sued upon in the case before us, the defendant did not give a redelivery bond in the form and conditioned and with sureties as required by the statute (R. S. 60-1007), to entitle him to possession of the automobile pending the action, but did give a bond lacking some of those conditions. As a purely legal question, the sheriff had no authority to return the automobile to the defendant in the replevin action upon the bond which was given. Whether the sheriff became liable to the plaintiff in this case by doing so, we express no view, for that question has not been tried and is not now before us. Whether the plaintiff waived the giving of the statutory redelivery bond by making no objections to the bond given, and by proceeding to trial in the replevin action, is not material as to the sureties, for that neither increases nor decreases their liabilities. Had the automobile not been returned to plaintiff, or in lieu thereof, its value, as found by the court, paid to plaintiff, he could have maintained an action against these sureties for the car or its value. But the automobile was returned to plaintiff, and under the terms of the bond given, if that were done, the sureties were discharged.

While the specific question here determined has not previously been before this court, the conclusion here reached is in harmony with the previous holdings of this court on analogous questions. (See *Larabee v. Cook,* 8 Kan. App. 776; *Hays v. Closon,* 20 Kan. 120; *Edwards v. Ellis,* 27 Kan. 344, and allied cases collected in 12 A. L. R. 721; *Henrie v. Buck,* 39 Kan. 381, 18 Pac. 228; *Washer v. Campbell,* 40 Kan. 398, 19 Pac. 858; *Handy v. Land Co.,* 59 Kan. 395, 53 Pac. 67; *Gille v. Emmons,* 61 Kan. 217, 59 Pac. 338; *Bank v. Brecheisen,* 65 Kan. 807, 70 Pac. 655.)

The judgment of the court below will be reversed with directions to enter judgment for defendants.