No. 39,229

Noble C. Lovegren, *Appellant*, v. Lucile Carson, *Appellee*.

(269 P. 2d 482)

Opinion filed April 10, 1954.

*Donald Patterson*, of Topeka, argued the cause, and *Howard A. Jones, Charles L. Davis, Jr.*, and *William E. Haney*, all of Topeka, were with him on the briefs for appellant.

*Hall Smith*, of Topeka, argued the cause, and *William L. Rees*, of Topeka, was with him on the briefs for appellee.

The opinion of the court was delivered by

Harvey, C. J.: This action grew out of the collision of two automobiles in which each owner claimed damages from the other. The appeal by plaintiff is from adverse rulings on post-trial motions.

The pertinent facts shown by the record may be summarized briefly as follows:

Eighth street in Topeka is a paved east and west street; it is intersected at right angles by College avenue, also a paved street; at the intersection there is a stop sign on College on the north and also the south side of Eighth street. On the day in question plaintiff's car, being driven west on Eighth street, and defendant's car, being driven south on College, collided in the intersection. Plaintiff sued for $574.27, alleged to be the cost of the repair of his automobile, and for $35.00, alleged to be the reasonable value for the use of his automobile for seven days while it was being repaired, and alleged these damages resulted from the negligence of defendant. Defendant denied liability; alleged plaintiff had been compensated for damages to his car by a named insurance company and filed a cross-petition for damages to her car in the sum of $210.48, alleged to have been caused by the negligence of plaintiff's driver. By an appropriate pleading plaintiff denied liability to de-

fendant. At a jury trial there was much conflicting evidence as to how the collision occurred, and who was to blame. The jury returned a general verdict for plaintiff for $7.00 and answered the following special questions:

"1. Did Mrs. Carson stop her automobile before entering 8th Street from College Street? A. Yes.

"2. Did Mr. Lovegren's automobile constitute a hazard to Mrs. Carson when Mrs. Carson started into the intersection of 8th and College Streets? A. Due to weather conditions and to the indicated speed of the Lovegren auto which was not consistent with driving conditions, it is believed that a hazard existed.

"3. What was the cost of repairing the damage inflicted upon Mr. Lovegren's automobile as a result of the collision? A. $539.27.

"4. Did Mr. Lovegren suffer any damage from the loss of use of his automobile as a result of the collision? If your answer is 'yes,' state the amount. A. Yes, in the amount of $7.00."

We note that the general verdict for $7 accorded with plaintiff's testimony that his actual expense while his automobile was being repaired was $1 per day for taxi fare.

Thereafter plaintiff filed two motions; the first was a motion for an order setting aside the general verdict and for judgment for plaintiff against defendant in the amount of $546.27 on the jury's answer to special questions notwithstanding the general verdict, and the second motion was for a new trial on the issues of damages only. These motions were heard and considered by the court and overruled and judgment was rendered for plaintiff on the general verdict for $7 and costs. The appeal is from the orders of the court overruling these motions. As to the first of the motions appellant argues that the jury having found in answer to question three that the cost of repairing the damages to plaintiff's car was $539.27 and having brought in a general verdict in favor of plaintiff the court should increase the amount of the general verdict by the cost of repairing plaintiff's automobile. It is to be noticed that as to question three the jury simply answered the question asked. In answering that question the jury did not indicate that the amount should be included in the verdict for or against either party.

We think the court would have had no authority to increase the amount of the verdict as requested. The pertinent statute, G. S. 1949, 60-2919, reads:

"When by the verdict either party is entitled to recover money of the adverse party, the jury in their verdict must assess the amount of recovery."

See, *Henrie v. Buck,* 39 Kan. 381, 386, 18 Pac. 228; and, *Courtright v. Moore,* this day decided.

Appellant complains the court did not sustain his motion for a new trial limited to damages. The hearing was before an experienced trial court who heard the evidence. The evidence was decidedly in conflict as to which party was at fault. There was no request the court grant a new trial generally. We think it was not error for the trial court to overrule the motion to grant a limited new trial.

The judgment of the trial court is affirmed.